1

2

3

4

5

6

7

8

9

10

11

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  ROBERT L. ROARK, II,                )    No. C 11-01914 JF (PR)
                                        )
13          Plaintiff,                  )    ORDER OF DISMISSAL
                                        )
14      v.                              )
                                        )
15                                      )
    CA DEPT. OF CORRECTIONS AND         )
16  REHABILITATION, et al.,             )
                                        )
17          Defendants.                 )
                                        )
18  _____

19          Plaintiff, a California inmate at the Deuel Vocational Institution in Tracy,

20  proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against

21  Gov. Jerry Brown and other state prison officials for various unconstitutional actions.

22  Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate

23  order.

24

25                          **DISCUSSION**

26          A federal court must conduct a preliminary screening in any case in which a

27  prisoner seeks redress from a governmental entity or officer or employee of a

28  governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any

    Order to of Dismissal
    P:\PRO-SE\SJ.JF\CR.11\01914Roark_dis-exh.wpd          1

1   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

2   claim upon which relief may be granted or seek monetary relief from a defendant who is

3   immune from such relief.  See id. at § 1915A(b)(1),(2).  Pro se pleadings, however, must

4   be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

5   1988).

6        The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

7   (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions

8   under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

9   prison, or other correctional facility until such administrative remedies as are available

10  are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the

11  discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).  Exhaustion is

12  a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve

13  general conditions or particular episodes, whether they allege excessive force or some

14  other wrong, and even if they seek relief not available in grievance proceedings, such as

15  money damages.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion

16  requirement requires "proper exhaustion" of all available administrative remedies.  Ngo,

17  548 U.S. at 93.

18       Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may

19  be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of

20  the complaint and/or any attached exhibits.  Wyatt v. Terhune, 315 F.3d 1108, 1119-20

21  (9th Cir. 2003).  The Court may dismiss a complaint for failure to exhaust where the

22  prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  Id. at

23  1120.  Here, it is obvious from the face of the complaint that Plaintiff did not exhaust his

24  administrative remedies, (Compl. at 2), and no exception to exhaustion is alleged or

25  apparent in the complaint.  He states that "[g]rievance procedure is at first level, however

26  laws and regulation are being violated, and the court(s) should govern these

27  infringements" [sic].  (Id.)  This does not excuse the PLRA's requirement of "proper

28  exhaustion" under Ngo: "Proper exhaustion demands compliance with an agency's

Order to of Dismissal
P:\PRO-SE\SJ.JF\CR.11\01914Roark_dis-exh.wpd                2

1   deadlines and other critical procedural rules because no adjudicative system can function

2   effectively without imposing some orderly structure on the course of its proceedings."

3   548 U.S. at 90-91 (footnote omitted).

4       Section 1997e(a) requires that Plaintiff present his claim to each level of

5   administrative review available to him before raising the claim in a § 1983 complaint in

6   federal court.  As it is clear from the complaint that Plaintiff has not "properly exhausted"

7   his claims by pursuing all levels of administrative review available to him and there is no

8   applicable exception to the exhaustion requirement, dismissal without prejudice is

9   appropriate.

10      Accordingly, the above-titled action is hereby DISMISSED, without prejudice to

11  Plaintiff's refiling his claim after all available administrative remedies have been

12  exhausted.

13      IT IS SO ORDERED.

14  DATED: _7/29/11_____

        JEREMY FOGEL
15      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT L. ROARK, II,

                    Plaintiff,

    v.

CA DEPT. OF CORRECTIONS AND
REHABILITATION, et al.,

                    Defendants.
_____/

Case Number: CV11-01914 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on ___8/5/11_____, I SERVED a true and correct copy(ies) of the
attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)
hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into
an inter-office delivery receptacle located in the Clerk's office.

Robert L. Roark V-86464
Deuel Vocational Institution
P.O. Box 20
Z-126
Tracy, CA 95378

Dated: ___8/5/11_____

                              Richard W. Wieking, Clerk